UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

              -against-

ION CATALIN VRANCEA,

              Defendant.
-------------------------------------------------------------X

**DECISION AND ORDER**

12-cr-198 (WFK)

**KUNTZ, United States District Judge**

By Superseding Indictment filed December 20, 2012, Defendant Ion Catalin Vrancea ("Vrancea") is charged with (1) obstruction of justice, in violation of 18 U.S.C. § 1512(c)(1) ("Count One"); (2) destruction of evidence, in violation of 18 U.S.C. § 1519 ("Count Two"); (3) use of arson to commit obstruction of justice or destruction of evidence, in violation of 18 U.S.C. § 844(h)(1) ("Count Three"); (4) use of fire to damage real and personal property, in violation of 18 U.S.C. § 844(i) ("Count Four"); and (5) use of a false passport, in violation of 18 U.S.C. § 1543 ("Count Five"). Counts One through Four concern Defendant's destruction of evidence related to credit card skimming activities, including the use of fire to destroy evidence when Federal Bureau of Investigation ("FBI") agents arrested Defendant on February 16, 2012. Count Five concerns Defendant's use of false Romanian passports as identification to send money abroad using various money transfer services, to open a United Parcel Service ("UPS") mailbox, and to enter into a residential apartment lease. The Government moves *in limine* for this Court to admit at trial evidence regarding the background of the investigation that ultimately led to the arrest of Defendant on February 16, 2012. Letter from the Gov't, dated Jan. 3. 2013, Docket #52

("Gov't's Second Mot."). For the reasons stated below, the motion of the Government is granted.

## BACKGROUND

According to the facts as presented by the Government in its Superseding Indictment and its other submissions on the record in this case, on the morning of February 16, 2012, FBI agents arrived at Defendant's residence at 31-76 37th Street, Apartment 2B in Astoria, New York, at approximately 6:00 a.m. to arrest Defendant pursuant to a warrant. *See* Arrest Warrant, Docket #2. The Government has stated it intends to elicit testimony from Federal Bureau of Investigation ("FBI") agents that Defendant was under investigation by the FBI for taking part in an international crime ring involving the theft of stolen credit- and debit-card information and that Defendant destroyed evidence relating to a matter within the jurisdiction of a federal agency—the FBI. Gov't's Second Mot., at 2. The Government has stated it intends to introduce testimony that FBI agents began an investigation after they obtained leads from Romanian and German law enforcement authorities that Defendant was part of an internationally organized criminal group that engaged in access device fraud and related crimes using counterfeit credit cards and identification documents. *Id.*

## ANALYSIS

### I. Legal Standard

The Federal Rules of Evidence prohibit admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). The Rule, however, does permit such evidence "for another purpose, such as proving of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.*; *see also Huddleston v. United States*, 485 U.S. 681,

691–92; *United States v. Brand*, 467 F.3d 179, 196 (2d Cir. 2006). Prior acts evidence may be admitted where it is "necessary to complete the story of the crime on trial and thus, appropriately treated as part of the very act charged, or at least, proof of that act." *United States v. Quinones*, 511 F.3d 289, 309 (2d Cir. 2007) (internal citations and quotations omitted). This "inclusionary approach" allows the district court to admit evidence of other wrongs so long as it is relevant and is not offered to prove criminal propensity. *See United States v. Lasanta*, 978 F.2d 1300, 1307 (2d Cir. 1992).

When the government seeks to introduce such extrinsic evidence, the district court must first determine whether it is admissible under Rule 404(b). If so, it must then determine whether the probative value of the evidence is substantially outweighed by the risk of unfair prejudice. Fed. R. Evid. 403. If the court rules the evidence is admissible, the court must give a limiting instruction. Fed. R. Evid. 105. Broad discretion resides in the district court regarding the admissibility of evidence of extrinsic acts, and its decision will not be reversed on appeal absent an abuse of discretion. *United States v. Pipola*, 83 F.3d 556, 566 (2d Cir. 1996).

## II. Application

For the Government to prove Count One of the Indictment, it must establish beyond a reasonable doubt: (1) that on or about the date of Defendant's arrest, February 16, 2012, an official proceeding was pending, was about to begin, or was reasonably foreseeable; (2) that the Defendant acted knowingly and corruptly to destroy evidence; and (3) that the Defendant did so with the intent of impairing the object(s)' use in the official proceeding. 18 U.S.C. §§ 1512(c)(1), 1512(f)(1), 1512(g)(1). For the Government to prove Count Two of the Indictment, it must establish beyond a reasonable doubt: (1) that Defendant knowingly destroyed the object(s); (2) that the object(s) related to a matter within the jurisdiction of a federal agency; and

(3) that the Defendant did so with the intent of impairing the object(s)' use in the official proceeding. 18 U.S.C. § 1519.

The background evidence the Government has stated it intends to introduce is directly relevant to the acts involved in Counts One and Two. Testimony with respect to the grand jury investigation that preceded Defendant's arrest on February 16, 2012 establishes the requisite elements in Count One that an official proceeding was pending, and in Count Two that the investigation related to a matter within the jurisdiction of the FBI. Additionally, the proffered testimony provides "background for the events alleged in the [I]ndictment" to show "the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed." *United States v. Gonzales*, 110 F.3d 936, 941 (2d Cir. 1997) (internal citations omitted). For the jury to understand how the items allegedly destroyed by Defendant on February 16, 2012 relate to the crimes charged, evidence of the investigation concerning Defendant's criminal scheme is relevant under Rule 401 to prove certain elements of Counts One and Two. *Id.*

Finally, the Court finds that the probative value of the proffered evidence far exceeds the prejudicial effect under Rule 403, and the evidence therefore will be admitted under a proper limiting instruction if such is requested. *See* Fed. R. Evid. 403; *see also United States v. Baez*, 349 F.3d 90, 93–94 (2d Cir. 2003); *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990) (finding that evidence admitted was not unfairly prejudicial because it "did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged").

## CONCLUSION

The proposed evidence the Government seeks to admit is admissible to prove certain elements of Counts One and Two of the Indictment. Accordingly, the motion *in limine* of the Government to admit at trial evidence regarding the background investigation of Defendant prior to his arrest on February 16, 2012 is granted.

## SO ORDERED

Dated: Brooklyn, New York
      January 4, 2013

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge